UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Dena Moore,

          Plaintiff,

v.                                                Case No. 6:16-cv-00113-GAP-TBS

Cognizant Technology Solutions,
Walt Disney World,

          Defendants.

_____

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | 30 days after the Court's order on Defendants' motions to dismiss |
| Certificate of Interested Persons and Corporate Disclosure Statement | COMPLETED |
| Motions to Add Parties or to Amend Pleadings | 60 days after the Court's order on Defendants' motions to dismiss |

1

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| Disclosure of Expert Reports | Plaintiff: | 7 months after the Court's order on Defendants' motions to dismiss |
| | Defendant: | 8 months after the Court's order on Defendants' motions to dismiss |
| Discovery Deadline[1] | | 9 months after the Court's order on Defendants' motions to dismiss |
| Dispositive Motions | | 10 months after the Court's order on Defendants' motions to dismiss |
| *Daubert* Motions | | 11 months after the Court's order on Defendants' motions to dismiss |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | | 13 months after the Court's order on Defendants' motions to dismiss |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Presnell@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | | 13.5 months after the Court's order on Defendants' motions to dismiss |
| All Other Motions Including Motions *In Limine* | | 14 months after the Court's order on Defendants' motions to dismiss |
| Final Pretrial Conference | | To be determined by the Court |

---

[1] As discussed below, the parties agree and respectfully suggest that all discovery should be stayed pending the Court's ruling on Defendants' motions to dismiss and, to the extent discovery occurs, it should be conducted in phases, with all discovery to be completed within this timeframe.

2

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Trial Term Begins | 15 months after the Court's order on Defendants' motions to dismiss |
| Estimated Length of Trial | Five to seven days |
| Jury / Non-Jury | Jury |
| Mediation          Deadline: <br><br> Mediator: <br> Address: <br><br> Telephone: | 9 months after the Court's order on Defendants' motions to dismiss <br><br> Peter Grilli <br> 3001 West Azeele St. <br> Tampa, FL 33609 <br> (813) 874-1002 |
| All Parties Consent to Proceed Before Magistrate Judge | No |

## I.   Meeting of Parties in Person

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), and the Court's April 20, 2016 order permitting attendance at the case management conference via telephone (Dkt. 23), a telephonic meeting was held on <u>April 22, 2016 at 10:00 a.m.</u> and was attended by:

| Name | Counsel for |
|---|---|
| Sara Blackwell | Plaintiff Dena Moore |
| Richard G. Rosenblatt | Defendant Cognizant Technology Solutions U.S. Corp. |
| A. Klair Fitzpatrick | Defendant Cognizant Technology Solutions U.S. Corp. |
| Mary Ruth Houston | Defendant Walt Disney Parks and Resorts U.S., Inc. |
| David Ogden | Defendant Walt Disney Parks and Resorts U.S., Inc. |
| Alan Schoenfeld | Defendant Walt Disney Parks and Resorts U.S., Inc. |

II. **Pre-Discovery Initial Disclosures of Core Information**

The parties ___ have exchanged _X_ agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) by <u>30 days after the Court's order on Defendants' motions to dismiss</u>.

Below is a description of information disclosed or scheduled for disclosure:

All information required by Fed. R. Civ. P. 26(a)(1)(A) – (D).

III. **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ no party anticipates the disclosure or discovery of ESI in this case;

_X_ one or more of the parties anticipate the disclosure or discovery of ESI in this case.

Because disclosure or discovery of ESI is likely to be sought by any party from another party, the parties discussed the following issues during the case management conference and agreed to further discuss them during a case management conference to be held after the Court rules on Defendants' motions to dismiss:

　　A.　The form or forms in which ESI should be produced.

　　B.　Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

　　C.　Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

　　D.　The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under

Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.   The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.   Any issues relating to preservation of discoverable ESI.

G.   Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.

H.   Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:  <u>There are currently no areas of disagreement on these issues.</u>

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

___all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.   **Agreed Discovery Plan for Plaintiffs and Defendants**

    A.   **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

  __X__    Yes

  _____    No

    B.   **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

The parties agree to accept service of written discovery requests by email.

    C.   **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each

deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29.

In addition to the deadlines in the above table, the parties have agreed to discuss further limitations on discovery in light of the Court's ruling on Defendants' motions to dismiss.

### D.     Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

### E.     Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

Drafts of expert reports and communications between counsel and expert witnesses are subject to the protection of Rule 26.

### F.     Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized

7

need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."

With respect to confidentiality agreements, the parties agree to negotiate in good faith a confidentiality agreement.

### G. Other Matters Regarding Discovery

The parties agree and respectfully submit that no discovery should occur until the Court has ruled on Defendants' motions to dismiss. The parties further agree and respectfully submit that phasing of discovery (*e.g.*, regarding class certification, the merits of Plaintiff's individual claims, etc.) may be appropriate in light of the Court's ruling, and respectfully submit that, in the event the motions to dismiss are denied, the parties should conduct a case-management conference and propose a schedule for phased discovery to be completed within the agreed timeframes set out above.

V.  **Settlement and Alternative Dispute Resolution**

    A.  **Settlement**

The parties agree that settlement is

\_\_\_\_ likely    X    unlikely.

The parties request a settlement conference before a United States Magistrate Judge.

\_\_\_\_ yes    X no      \_\_\_\_ likely to request in future.

    B.  **Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_ yes    X    no    \_\_\_ likely to agree in future

_____ Binding      _____ Non-Binding

    C.  **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    D.  **Other Alternative Dispute Resolution**

The parties do not intend to pursue any other methods of alternative dispute resolution:

Date: May 6, 2016

Respectfully submitted,

/s/ Sara Blackwell
Sara Blackwell (Bar No. 90443)
The Blackwell Firm
1800 2nd St. Ste. 882
Sarasota, FL 34236
Telephone: 941-961-3046
E-mail: sara@theblackwellfirm.com

*Counsel for Plaintiff Dena Moore*

/s/ Mark Zelek
Mark Zelek (Bar No. 667773)
MORGAN, LEWIS & BOCKIUS
200 S. Biscayne Blvd., Ste. 5300
Miami, FL 33131
Telephone: 305-415-3303
Facsimile: 305-415-3001
E-mail: mzelek@morganlewis.com

Richard G. Rosenblatt (*pro hac vice*)
Joseph B.G. Fay (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS
1701 Market St.
Philadelphia, PA 19103
Telephone: 215-963-5000
Facsimile: 215-963-5001
E-mail: rrosenblatt@morganlewis.com
E-mail: jfay@morganlewis.com

*Counsel for Cognizant Technology Solutions U.S. Corp.*

/s/ Mary Ruth Houston
Mary Ruth Houston (Bar No. 834440)
SHUTTS & BOWEN LLP
300 South Orange Ave., Suite 1000
Orlando, FL 32801
Telephone: 407-835-6939
Facsimile: 407-425-8316
E-mail: mhouston@shutts.com

David W. Ogden (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE and DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: 202-663-6440
Facsimile: 202-663-6363
E-mail: david.ogden@wilmerhale.com

Alan Schoenfeld (*pro hac vice*)
Colin Reardon (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE and DORR LLP
7 World Trade Center, 250 Greenwich St.
New York, NY 10007
Telephone: 212-230-8800
Facsimile: 212-230-8888
E-mail: alan.schoenfeld@wilmerhale.com
E-mail: colin.reardon@wilmerhale.com

*Counsel for Walt Disney Parks and Resorts U.S., Inc.*

ORLDOCS 14671123 3