## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| DENA MOORE,<br><br>             Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY<br>SOLUTIONS and WALT DISNEY WORLD,<br><br>             Defendants. | CASE NO. 6:16-CV-00113-GAP-TBS |

## DEFENDANT COGNIZANT TECHNOLOGY SOLUTIONS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS

Defendant Cognizant Technology Solutions U.S. Corporation ("Cognizant")[1] submits this memorandum of law in opposition to Plaintiff Dena Moore's ("Plaintiff" or "Moore") Motion to Enlarge Time to Respond to Defendants' Motions to Dismiss (Dkt. No. 38).

Cognizant opposes Plaintiff's attempt to further delay her response to Cognizant's motion to dismiss the Complaint. The Court previously put the parties on notice that significant extensions would be considered "extraordinary." *See* Dkt. No. 21. Plaintiff has had more than 80 days to respond to Cognizant's Motion to Dismiss – a significant extension from the 21 days provided for under the Federal Rules of Civil Procedure. Now, the time set by the Court for Plaintiff to respond to Cognizant's motion has passed, and Plaintiff makes no effort to establish that her failure to respond (or move for additional time) earlier was excusable

---

[1] Plaintiff incorrectly identifies Cognizant Technology Solutions U.S. Corporation as Cognizant Technology Solutions in her Complaint.

neglect.  While Cognizant would not ordinarily oppose a reasonable request for extension of time, it is clear that Plaintiff and her counsel did not perform proper diligence on this matter before filing and now has chosen to litigate this matter through the press rather than properly and timely responding to Cognizant's Motion to Dismiss, all of which has caused significant harm to Cognizant.

## I.      BACKGROUND

By Order dated March 30, 2016 ("March 30 Order") the Court granted Defendants until May 13, 2016 to respond to Plaintiff's Complaint.  See Dkt. No. 21.  That Order also provided that Plaintiff would have 60 days from the filing of the last motion to dismiss within which to file her response to all motions to dismiss.  *Id.*  The Court described these extensions as "extraordinary" and cautioned counsel that it would not "be the norm in the case."  *Id.*

Cognizant filed its motion to dismiss on April 20, 2016, and Defendant Walt Disney World filed its motion to dismiss on May 13, 2016.  Dkt. Nos. 25, 35.  By Order dated May 11, 2016 ("May 11 Order"), the Court ordered Plaintiff to respond to Cognizant's motion by June 20, 2016 – a full 60 days after Cognizant's motion was filed.  *See* Dkt. No. 34.  Apparently regarding this act as an act of error on the part of the Court or failing to recognize what the May 11 Order required, Plaintiff did not file a response by June 20.  Instead, on July 4, 2016, she filed a motion ("Motion") requesting an extension of time in which to respond to all motions. Dkt. No. 38, p. 2.  Ignoring the Court's May 11 Order, she asserts therein that the deadline for her to respond to Cognizant's motion to dismiss is July 13, 2016 and "requests thirty additional days (until August 12, 2016) to file Responses to the Motions to Dismiss."  *Id.*

2

## II.     ARGUMENT

Plaintiff's motion is governed by Fed. R. Civ. P. 6(b)(1).  That Rule provides:

> (1) In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A)  with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> (B)  on motion made after the time has expired if the party failed to act because of excusable neglect.

As to defendants other than Cognizant, the applicable Rule appears to be Rule 6(b)(1)(A), because Plaintiff's request was made "before the original time or its extension expire[d]."  Pursuant to the March 30 Order, Plaintiff had obtained an agreed-upon extension to respond to motions to dismiss until July 13, 2016.  However, the subsequent May 11 Order plainly set June 20, 2016 as the due date for Plaintiff to respond to Cognizant's motion to dismiss.  Because Plaintiff filed her Motion for an additional extension on July 4, 2016, after her previously-set time to respond had expired, her Motion as to Cognizant is governed by Rule 6(b)(1)(B).

Unlike Rule 6(b)(1)(A), Rule 6(b)(1)(B) only provides that a motion governed thereby may be granted "if the party failed to act because of excusable neglect."  "[T]he district court may order an extension even after the expiration of a specified time period, but only for 'good cause' and where the party's failure to act in a timely fashion was the result of 'excusable neglect'."  4B Wright, Miller & Steinman, *Federal Practice and Procedure*, §1165 (4th Ed. 2016).

In *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993), the

3

Supreme Court construed Bankruptcy Rule 9006(b)(1), which is similar to Fed. R. Civ. P. 6(b)(1).   Speaking to what constitutes "excusable neglect" within that Rule, the Court constructed a four-factor balancing test involving consideration of the prejudice to the non-movant, the length of the delay and its impact on proceedings, the reason for the delay and whether it was in the movant's control, and whether the movant acted in good faith.  *See Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997).  Although the Court should consider all the *Pioneer* factors (*see Connecticut State Ass'n v. Anthem Health Plans Inc.*, 591 F.3d 1337 (11th Cir. 2009)), the Court of Appeals has noted that "[s]oon after *Pioneer*, it was established that attorney error based on a misunderstanding of the law was an insufficient basis for excusing a failure to comply with a deadline." *Advanced Estimating*, 130 F.3d at 998 (citing *Cavaliere v. All-State Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).  In *Advanced Estimating*, the Court of Appeals ultimately held, "as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline." *Id*. At 998.

Here, Cognizant does not claim prejudice with respect to its ability to litigate this matter, but Cognizant does believe that it has been prejudiced in being required to continue to defend a meritless action - in Court, to clients, and to the public.[2]  Furthermore, Cognizant

---

[2]      Plaintiff's counsel has spent significant time since the filing of her complaint doing media interviews and organizing campaigns to prevent companies from hiring Cognizant.  *See, e.g.*, Dan Goldberg, "EmblemHealth to lay off nearly 8 percent of its workforce," Politico (Apr. 19, 2016), *available at* http://www.politico.com/states/new-york/city-hall/story/2016/04/emblemhealth-to-lay-off-nearly-8-percent-of-its-workforce-100854 (stating that Plaintiff's counsel organized a protest outside of EmblemHealth to protest the contract with Cognizant); S. Blackwell Interview with Lou Dobbs (Mar. 7, 2016), *available at* https://www.youtube.com/watch?v=reX04kc9bvI&list=PLOPCts8ClH6TK2UllzBExGnF6cn5WU7Kv (stating "clearly [Cognizant workers] are not qualified"); Julia Hahn, "Disney Workers Assail Rubio in Front of

declined to agree to Plaintiff's request for an additional extension because it was mindful of the Court's admonition regarding additional extensions, and it could see no reason for Plaintiff's failure to seek relief earlier other than "an attorney's misunderstanding of the plain language" of the May 11 Order.  Plaintiff continues to offer no other explanation (and indeed seems to ignore the Court's May 11 Order entirely).  "[C]ounsel should not expect an application under Rule 6(b)(1)(B) to be granted when the failure to act was due to simple inattention . . . ."  4B Wright, Miller & Steinman, *Federal Practice and Procedure*, §1165 (4th Ed. 2016); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003) ("we cannot say that the lack of substantial prejudice to the non-moving party so tips the scale in favor of [the moving party] that we should excuse his failure to make even the barest showing of a meritorious defense or to present a good reason for failing to respond to the complaint.").  Plaintiff still has provided no reason why its request for additional time should be granted as to Cognizant's Motion to Dismiss.

Instead of addressing the relevant Rule, Plaintiff lumps this case with *Perrero v. HCL America*, Civ. No. 16-112 - a case to which neither she nor Cognizant are parties - and simply claims that her counsel has been "diligently working on the responses immediately subsequent to the filing of each motion" and that she needs an additional thirty days "in order to properly and thoroughly respond to all four Motions to Dismiss."  Dkt. No. 38, p. 2.  Even if this argument were legally adequate, Plaintiff fails to explain why responding to Defendants' motions involves reinventing the wheel and writing four distinct briefs.  Plaintiff herself

---

Thousands," <u>Breitbart</u> (Feb. 29, 2016), *available at* <u>http://www.breitbart.com/big-government/2016/02/29/video-disney-workers-assail-rubio-front-thousands/</u> (including a video of Plaintiff and Plaintiff's counsel speaking about this litigation at a Donald Trump rally).

acknowledges that the four motions present "common and intertwined issues."

Moreover, a simple internet search suggests that Plaintiff's counsel, who has already had a generous 74 days in which to respond to Cognizant's motion, may not have been "diligently working on the responses" so much as spending time publicly denigrating Cognizant in YouTube videos and on her blog, pursuing other professions, including an abandoned run for the Florida state house, forming and running a 501(c)(3) dedicated to "protecting US workers" from "Devil Contractors" such as Cognizant, and planning "some great events." *See*, *e.g.*, "Greed Kills," a video distributed by Plaintiff's counsel on June 17, 2016, *available at* https://www.youtube.com/watch?v=x2qZsSGftQM&feature=youtu.be; Sara Blackwell, "Attention UNUM Employees and Concerned Americans," Protecting US Workers (June 17, 2016), *available at* http://protectusworkers.org/2016/06/attention-unum-employees-and-concerned-americans/ (urging UNUM workers to call her and to try to stop UNUM from signing a contract with Cognizant); S. Blackwell, "Stop UNUM," Protecting US Workers (June 3, 2016), *available at* http://protectusworkers.org/2016/06/stop-unum-now-is-the-time-you-can-make-a-difference/ (same); Zac Anderson, "Citing potential Disney 'smear campaign,' Sarasota attorney pulls out of state House race," Herald-Tribune (Apr. 22, 2016), *available at* http://politics.heraldtribune.com/2016/04/22/citing-potential-disney-smear-campaign-sarasota-attorney-pull-out-of-state-house-race/ (noting that although Blackwell claimed to have dropped out of the race to avoid a "smear campaign," Blackwell had missed the party registration deadline); Sara Blackwell, "One Woman and One Website….," Protecting US Workers (June 8, 2016), *available at* http://protectusworkers.org/2016/05/wait-for-it/

(announcing that her organization had become a 501(c)(3) and that she is planning epic events); June 8, 2016 Sara Blackwell Facebook post, *available at* https://www.facebook.com/sara.blackwell.311?fref=ts (seeking assistance for a YouTube video where she prepared the script and the details of the images that she needs for "a huge demonstration I am doing in July").

Cognizant would not normally oppose a reasonable request for extension of time. However, Plaintiff's request is legally inadequate and unreasonable under the circumstances.

## III.   CONCLUSION

For the reasons stated above, Cognizant objects to Plaintiff's Motion to Enlarge Time to Respond (Dkt. No. 38) and respectfully requests this Court to deny the same.

Respectfully submitted,

/s/ A. Klair Fitzpatrick
Mark E. Zelek
Florida Bar No. 667773
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida  33131-2339
Telephone:  305.415.3330
eFacsimile:  877.432.9652
Email: mark.zelek@morganlewis.com

Richard G. Rosenblatt (*admitted pro hac vice*)
Joseph B.G. Fay (*admitted pro hac vice*)
A. Klair Fitzpatrick (*admitted pro hac vice*)
1701 Market St. Philadelphia, PA 19103
Telephone: 215-963-5000
Facsimile: 215-963-5001
E-mail:richard.rosenblatt@morganlewis.com
E-mail: joseph.fay@morganlewis.com
E-mail: klair.fitzpatrick@morganlewis.com

*Attorneys for the Defendant Cognizant*
*Technology Solutions U.S. Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 7th day of July, 2016, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Sara Blackwell, Esq.
The Blackwell Firm
1800 2nd Street
Suite 882
Sarasota, FL 34236
Telephone:  941.961.3046
*Attorney for Plaintiff, Dena Moore*

David W. Ogden, Esq.
Colin Reardon, Esq.
Alan Schoenfeld, Esq.
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: 202.663.6000

Mary Ruth Houston, Esq.
Shutts & Bowen, LLP
300 S. Orange Avenue
Suite 1000
Orlando, Florida 32801
Telephone: 407.423.3200
*Attorneys for Defendant, Walt Disney Parks and Resorts U.S., Inc.*

Morgan, Lewis & Bockius LLP

/s/ A. Klair Fitzpatrick_____
A. Klair Fitzpatrick