UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENA MOORE,

    Plaintiff,

v.                                                      Case No:   6:16-cv-113-Orl-31TBS

COGNIZANT TECHNOLOGY
SOLUTIONS and WALT DISNEY PARKS
AND RESORTS U.S., INC.,

    Defendants.

## ORDER

This case comes before the Court on Plaintiff's Motion to Enlarge Time to Respond to Cognizant Technology Solutions and Walt Disney Parks and Resort's Motions to Dismiss (Doc. 38). Defendant Walt Disney World takes no position on the motion; Defendant Cognizant Technology Solutions U.S. Corporation opposes it (Docs. 39-40).

Defendants were given through May 13, 2016 to respond to Plaintiff's complaint and Plaintiff was allowed 60 days from the filing of the last motion to dismiss within to file her response to all motions to dismiss (Doc. 21). The last motion to dismiss was filed on May 13, 2016 and thus, Plaintiff's responses were due by July 12, 2016 (Doc. 35). However, on May 11, 2016, the district judge entered an endorsed Order making June 20, 2016 the deadline for Plaintiff to file her responses (Doc. 34). Plaintiff did not comply with this deadline.

It appears that Plaintiff overlooked or forgot that the district judge had shortened the time for her responses because she now seeks what she says is a 30 day enlargement of time to August 12, 2016 within to respond to the motions to dismiss.

Plaintiff argues that under FED. R. CIV. P. 6(b) there is good cause for this extension due to the length and complexity of the motions in this and a related case (Doc. 38 at 2). Rule 6(b) provides:

> (b) **Extending Time**.
>
> (1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>
> (2) *Exceptions*. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

FED. R. CIV. P. 6(b).

The good cause standard Plaintiff argues applies to timely motions for extensions of time. FED. R. CIV. P. 6(b)(1)(A). Because Plaintiff's motion is untimely, she must satisfy the excusable neglect standard in Rule 6(b)(1)(B). In deciding whether a party has met Rule 6(b)'s excusable neglect standard "[t]he Court must evaluate all relevant circumstances surrounding the party's omission, including: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." Busch v. County of Volusia, No. 97-1222-civ-Orl-3ABI(19), 189 F.R.D. 687, 696-97 (M.D. Fla. Dec. 16, 1999) (citing Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392, 395 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). These factors are not precisely defined and they necessarily overlap. "[T]he starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of

the reason for the delay." Demint v. NationsBank Corp., No. 8:94-cv-995-T-23TBM, 8:94-cv-2094-T-23TGW, 208 F.R.D. 639, 642 (M.D. Fla. May 31, 2002) (footnote omitted).

Plaintiff avers that she has been diligently working on her responses to the motions to dismiss (Doc. 38 at 2). But, she has failed to detail what she has done to date, and she has not explained why the 38 days the district judge allowed to respond to the motions was insufficient.[1] An argument that counsel has been diligent but the work is difficult, without more, does not demonstrate that the time already allowed was unreasonably short, and it certainly does not show excusable neglect. Consequently, Plaintiff's motion is properly denied. However, to avoid the possibility that outright denial of the motion would result in manifest injustice, the Court **GRANTS** Plaintiff an extension through July 15, 2016 to file her responses to the motions to dismiss. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] Defendant Cognizant Technology Solutions U.S. Corporation's motion to dismiss was filed on April 20, 2016 and thus, the June 20 deadline gave Plaintiff 61 days to respond to that motion (Doc. 25).