UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENA MOORE,

        Plaintiff,

   v.

COGNIZANT TECHNOLOGY
SOLUTIONS and WALT DISNEY PARKS
AND RESORTS U.S., INC.,

CASE NO. 6:16-CV-00113-GAP-TBS

        Defendants.

**COGNIZANT'S AUTHORIZED REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS THE
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**I.    INTRODUCTION**

Plaintiff's Response (Doc. No. 42) argues that she (1) properly pleaded predicate acts under 18 U.S.C. § 1961; (2) can maintain a RICO conspiracy claim under 18 U.S.C. § 1962(d) without properly pleading an underlying RICO violation; (3) does not have to exhaust administrative remedies; and (4) can maintain a state conspiracy claim absent a substantive underlying violation of the law. Plaintiff is wrong and, contrary to her request, she should not be permitted leave to amend. Plaintiff failed to plead predicate acts of racketeering, Plaintiff must exhaust administrative remedies, her state law conspiracy claim must fail, and Plaintiff should not be given leave to amend.[1]

---

[1] Cognizant adopts and incorporates WDPR's arguments in its reply, including that Plaintiff has not pleaded facts plausibly establishing an unlawful agreement or a pattern of continuing RICO activity and that her conspiracy claims cannot survive if her substantive RICO claim fails.

II. **ARGUMENT**
    A. **Plaintiff Has Not Properly Alleged Any Predicate Acts.**
        1. **Plaintiff Has Alleged No Viable Violations of 18 U.S.C. § 1546.**

The only predicate acts the Complaint alleges are asserted violations of 18 U.S.C. § 1546(a), which prohibits "knowingly subscrib[ing] as true, any false statement with respect to a material fact in any application . . . required by the immigration laws or regulations. . . ." To have violated this provision, Cognizant must have knowingly made a false statement.

Plaintiff continues to argue that because *she* feels that she was adversely affected by Cognizant's hiring of nonimmigrant H1-B workers, Cognizant falsely agreed on its LCAs that working conditions for nonimmigrants will not "adversely affect the working conditions of workers similarly employed." She premises her argument on a legally flawed contention that "workers similarly employed" as used in the LCA refers to all workers, no matter who employed them. But Plaintiff does nothing to rebut the fact that the implementing regulations (*see* 20 C.F.R. § 655.732(a) and (b)) establish that the LCA certification speaks to Cognizant's workers, not another employer's workers.[2] *See* Cognizant Mot., at 10-12.

The LCAs attached to Cognizant's Motion asked specific questions to which Cognizant supplied answers. Plaintiff's argument is based on her vision as to what the LCAs *should* be asking, not what they actually ask. She argues the LCAs *should* ask whether *any* U.S. workers in general will be adversely affected by H-1B nonimmigrant workers. But Plaintiff's policy opinions of what the law *should be* do not make false Cognizant's

---

[2] In response to Cognizant's point that "workers similarly employed" only speaks to Cognizant's own workers, not WDPR's workers such as Plaintiff, Plaintiff asserts: "This is the reason there must be a conspiracy." Pl. Opp. at 3. This *non sequitur* has no bearing on whether Cognizant spoke falsely. In fact, it suggests, if anything, that Plaintiff recognizes the accuracy of Cognizant's characterization of the meaning of this inquiry but disagrees with the law's requirements.

responses to the questions actually posed. The LCAs contain no false statements as to working conditions of similarly employed Cognizant employees (the question posed by the LCA), and Plaintiff can claim no predicate acts in this respect in the form of violations of 18 U.S.C. § 1546.[3]

As explained in Cognizant's Motion, the other alleged violations of 18 U.S.C. § 1546 were supposed false attestations regarding secondary displacement. *See* Cognizant Mot., at 12-14. This is the question on the LCA that actually contemplates employees like Ms. Moore, *i.e.*, "U.S. workers in another employer's workforce." Cognizant was required to respond if, and only if, the H-1B workers on the LCA were not exempt. *See* Comp., Doc. 1-2, p. 15, Sec. I.b.3 workers. Although Plaintiff now asserts in her opposition that some workers were "non-exempt," Pl. Response at 7, her Complaint admitted that Cognizant only sponsored "exempt H-1B nonimmigrant[s]." Compl. ¶ 11 n.3. Further, the LCAs attached to Cognizant's Motion – which Plaintiff does not dispute the authenticity of – firmly establish that Cognizant only sponsored "exempt" H-1B workers, and thus that no false statements were made. There simply are no violations of § 1546 that can be alleged.

### 2. Plaintiff Can Point to No Other Predicate Acts.

Plaintiff's Response next cites statutory provisions absent from her Complaint to suggest predicate acts other than violations of § 1546. These arguments also fail.

---

[3] Plaintiff also errs in arguing that requiring an employee to train her replacement constitutes an adverse effect on "working conditions" under federal law. The relevant regulation limits the scope "working conditions" to an employee's work schedule and benefits; it does not extend to job duties. See 20 C.F.R. § 655.732 ("Working conditions include matters such as hours, shifts, vacation periods, and benefits such as seniority-based preferences for training programs and work schedules.").

Searching for new purported acts of "racketeering," Plaintiff now cites 8 U.S.C. § 1324. This section describes criminal penalties for "bringing in and harboring certain aliens" and is used to criminally prosecute individuals who smuggle illegal immigrants into the United States. *See, e.g., United States v. Arencebia*, 613 F. App'x 882, 884 (11th Cir. 2015) (noting defendant pleaded guilty pursuant to 8 U.S.C. § 1324(a)(1)(A)(v)(I) for conspiracy to smuggle aliens); *United States v. Lopez*, 590 F.3d 1238, 1250 (11th Cir. 2009) (affirming § 1324(a)(1)(A)(iv) conviction for smuggling aliens). However, as the Eleventh Circuit has noted, a lack of "prior authorization to enter the United States" is an essential element of a violation of § 1324(a)(1)(A)(iv). *Lopez*, 590 F.3d at 1250. But here, Plaintiff does not - and cannot - allege that Cognizant's H-1B nonimmigrant workers entered the country without prior official authorization, and her new Section 1324 claims must therefore fail. Further, to the extent Plaintiff asserts that those H-1B visas were obtained through false statements on the LCAs, that theory necessarily fails for the reasons discussed above. Accordingly, Plaintiff has not alleged a criminal violation of Section 1324.[4]

---

[4] Plaintiff's great emphasis on *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277 (11th Cir. 2006), is thus misplaced. That case is factually inapposite and was decided under a lower pleading standard. There, the plaintiffs alleged predicate acts of widespread and knowing employment and harboring of illegal workers, which depressed wages and worker's compensation claims. 465 F.3d at 1280. Mohawk employees and staffing agencies allegedly transported undocumented aliens from Mexico to Georgia, housed them, and concealed them during law enforcement inspections, and Mohawk employees purportedly provided the illegal workers with social security cards. *Id.* at 1281-84. Against this backdrop, the court held that the plaintiffs sufficiently alleged that Mohawk induced and concealed, harbored, and shielded from detection "aliens that have illegally entered the United States" in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (iv). *Id.* at 1283. Such allegations are not remotely at issue in this case, which involves imagined questions and answers on LCAs that contradict the actual, truthful information Cognizant provided. Further, Plaintiff does not allege that the members of the asserted enterprise shared a common goal of smuggling illegal workers into the United States. But even if Plaintiff's claims were at all comparable – they are not – the Eleventh Circuit since has distinguished *Williams* as a pre-*Twombly/Iqbal* case that does not control the legal analysis. *See Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 714-15 (11th Cir. 2014).

Plaintiff also is wrong when she claims that Cognizant falsified information required by Section 1182(a)(5)(A). *See* Pl. Opp., at 4-6, n.4. Apart from the fact that such a violation would not itself be a predicate act, *see* 18 U.S.C. § 1961, that provision does not apply to the H-1B nonimmigrant workers at issue here. Instead, Section 1182(a)(5)(A) sets forth the required "[l]abor certification and qualification for certain *immigrants*" and applies to "*immigrants* seeking admission or adjustment of status under paragraph (2) or (3) of section 1153(b)," relating to permanent residency. *See* 8 U.S.C. §§ 1182(a)(5), 1182(a)(5)(D) (describing to whom this section applies) (emphasis added); 8 U.S.C. § 1153(b)(2) (allocating visas available to aliens applying for permanent residency per 8 USC § 1151); 8 U.S.C. § 1151 (describing immigration levels for aliens lawfully admitted for permanent residence). By contrast, H-1B recipients are "nonimmigrants" admitted to the United States on a temporary basis and are explicitly excluded from the statutory definition of "immigrant." *See* 8 U.S.C.A. § 1101(a)(15)(H)(i)(b) (excluding "nonimmigrants" temporarily admitted to the U.S. to work pursuant to the H-1B program).

### B. Plaintiff Cannot Explain Why She May Go Forward Without Exhausting Her Administrative Remedies.

Plaintiff's principal argument that she is not required to exhaust administrative remedies consists of citation to cases that do not consider the issue: the *Williams* litigation and *Simpson*. *See* Pl. Opp., at 16-17. Plaintiff also implies, referencing the Equal Employment Opportunity Commission's procedures, that exhaustion of administrative remedies must not be required. *Id*. at 18.

The first argument is simply wrong. The *Williams* and *Simpson* cases did not involve alleged false statements on LCA forms, and thus the plaintiffs in those cases were not subject

to 8 U.S.C. 1182(n)(2)(A)'s exhaustion requirements. Instead, those cases involve the alleged transporting, hiring, housing, and concealing of illegal aliens. *See Williams*, 465 F.3d at 1281-82; *Simpson*, 744 F.3d at 707. Plaintiff does not identify, and the Immigration and Nationality Act ("INA") does not contain, any similar administrative scheme permitting U.S. workers harmed by such conduct to pursue such claims administratively. Thus, the absence of any exhaustion discussion in *Williams* and *Simpson* has no bearing here.

Plaintiff also fails to reconcile her argument with the many cases Cognizant cited establishing Section 1182's exhaustion requirement, including in the RICO context. Cognizant Mot. at 15-18. Nor does she address the Eleventh Circuit's holding that "non-compliance with a regulatory statute affording administrative remedies cannot form the basis for a civil RICO claim." *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002).

Expressly or otherwise, a statutory scheme may require plaintiffs to avail themselves of administrative remedies before suing in court. *See* 8 U.S.C. § 1182(n)(2)(A). Indeed, the plaintiff in the companion case may have, to some degree, pursued this very process. *See Perrero v. HCL, Inc.*, No. 16-112-GAP-TBS, Dkt. No. 129 at 18-19.[5] Plaintiff offers no basis to excuse her from Section 1182's exhaustion requirement. Her complaint should be dismissed.

---

[5] That the DOL does not provide a "right so sue" letter in no way undercuts this statutory scheme. Exhaustion is required in many other circumstances where "right to sue letters" also are not issued. *See, e.g.*, *N.B. by D.G. v. Alachua Cty. Sch. Bd.*, 84 F.3d 1376, 1378-79 (11th Cir. 1996) (affirming dismissal of Individuals with Disabilities in Education Act claim and noting the reasons exhaustion is required include: "1) to permit the exercise of agency discretion and expertise on issues requiring these characteristics; 2) to allow the full development of technical issues and a factual record prior to court review; 3) to prevent deliberate disregard and circumvention of agency procedures established by Congress; and 4) to avoid unnecessary judicial decisions by giving the agency the first opportunity to correct any error"); *Martinez v. U.S. Att'y Gen.*, 415 F. App'x 189, 191 (11th Cir. 2011) (dismissing claims relating to alien removal proceedings because "we lack jurisdiction over claims that a petitioner failed to exhaust in administrative proceedings").

### C. Plaintiff Can Assert No State Civil Conspiracy Claim.

Plaintiff's Florida civil conspiracy claim also fails. She defends this claim by relying on her arguments that she has pleaded predicate acts that could constitute the foundation of a RICO claim. *See* Pl. Opp., at 19. As explained above and in Cognizant's Memorandum, she has not and cannot plead such acts given what the law actually is, rather than what she would like it to be. Her state law civil conspiracy claim therefore must fall as well.

### D. There Is No Reason To Grant Plaintiff Leave To Amend.

Finally, Plaintiff states that a motion for leave to amend under Fed. R. Civ. P. 15 should be "freely give[n]." Pl. Opp., at 19. But Plaintiff has not made such a motion, and the Court should not entertain such an implied request. "Where a request for leave to file an amended complaint simply is embedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (citation omitted). Plaintiff also has failed to provide the substance of the proposed amendment, as required. *See Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006). Finally, there is no reason to believe that an amendment would be anything other than futile. *See, e.g.*, *Rance v. Winn*, 287 F. App'x 840 (11th Cir. 2008) (affirming dismissal based on failure to move to amend or provide amendment's substance, and complaint exhibits supported conclusion that amendment would be futile); *Harris v. Falls*, 920 F. Supp. 2d 1247, 1262 (N.D. Ala. 2013) (holding that documents in record at dismissal showed that "any amendment to reassert [a] claim would be futile"). No leave to amend should be granted here.

## III. CONCLUSION

Cognizant's Motion to Dismiss should be granted.

This 25th day of July, 2016

                        Respectfully submitted,

                        /s/ A. Klair Fitzpatrick
                        Mark E. Zelek
                        Florida Bar No. 667773
                        Morgan, Lewis & Bockius LLP
                        200 South Biscayne Boulevard
                        Suite 5300
                        Miami, Florida  33131-2339
                        Telephone:  305.415.3330
                        eFacsimile:  877.432.9652
                        Email: mark.zelek@morganlewis.com

                        Richard G. Rosenblatt (*admitted pro hac vice*)
                        Joseph B.G. Fay (*admitted pro hac vice*)
                        A. Klair Fitzpatrick (*admitted pro hac vice*)
                        1701 Market St. Philadelphia, PA 19103
                        Telephone: 215-963-5000
                        Facsimile: 215-963-5001
                        E-mail:richard.rosenblatt@morganlewis.com
                        E-mail: joseph.fay@morganlewis.com
                        E-mail: klair.fitzpatrick@morganlewis.com

                        ***Attorneys for the Defendant Cognizant Technology Solutions U.S. Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 25th day of July, 2016, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Sara Blackwell, Esq.
The Blackwell Firm
1800 2nd Street
Suite 882
Sarasota, FL 34236
Telephone: 941.961.3046
*Attorney for Plaintiff, Dena Moore*

David W. Ogden, Esq.
Colin Reardon, Esq.
Alan Schoenfeld, Esq.
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: 202.663.6000

Mary Ruth Houston, Esq.
Shutts & Bowen, LLP
300 S. Orange Avenue
Suite 1000
Orlando, Florida 32801
Telephone: 407.423.3200
*Attorneys for Defendant, Walt Disney Parks and Resorts U.S., Inc.*

Morgan, Lewis & Bockius LLP

/s/ A. Klair Fitzpatrick
A. Klair Fitzpatrick