UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| DENA MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS and WALT DISNEY PARKS AND RESORTS U.S., INC.,<br>        Defendants. | Case No. 6:16-CV-00113-GAP-TBS |

**REPLY OF DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.
IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to the Court's July 15, 2016 order (ECF No. 46), defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") respectfully submits this reply in further support of its motion to dismiss the complaint with prejudice (ECF No. 35).

**INTRODUCTION**

Plaintiff's response to WDPR's motion to dismiss confirms that this is a lawsuit in search of a legal claim.

First, Plaintiff in effect jettisons her original theory and posits a new theory that WDPR conspired with Cognizant to hire H-1B workers whom WDPR could not lawfully hire itself. That theory (no less than the one actually pled in the complaint) is (a) premised on a fundamental misunderstanding of the law and (b) rests on an inference, critical to Plaintiff's conspiracy claim but supported only with conclusory allegations, that the ordinary business arrangement between WDPR and Cognizant was unlawful. Plaintiff attempts to avoid these dispositive flaws by arguing that WDPR's conspiratorial intent can somehow be shown through mere "willful

blindness." But that newfound path finds no support in the law, let alone in the allegations in the Complaint.

Second, Plaintiff's response likewise fails to salvage her substantive RICO claim. As Cognizant explains in its reply (which WDPR adopts and incorporates), it is clear that Plaintiff fails to allege any actionable RICO predicate act. Moreover, as WDPR explained in its opening brief, because she pleads only the one-time layoff of certain WDPR employees, Plaintiff cannot plead the "crucial" element of "continuing racketeering activity." Plaintiff's response is utterly silent on that fatal deficiency.

For these and other independent reasons addressed below and in Cognizant's reply, the motions to dismiss should be granted.

## **ARGUMENT**

I.   **Plaintiff's RICO Conspiracy Claim Should Be Dismissed**

   A.   **Plaintiff Fails to Allege Facts Plausibly Establishing an Unlawful Agreement**

In her Complaint, Plaintiff's conspiracy theory posits that WDPR and Cognizant entered into a "written contract" under which Cognizant would perform certain "duties and projects" for WDPR; that one WDPR executive ("on information and belief") had knowledge of the requirements of federal immigration law; and that therefore the Court should infer that WDPR "knew full well" that Cognizant would make false statements to the federal government in H-1B applications. *See* Compl. ¶¶ 19, 20, 67; *see* WDPR Br. 5-6. As explained in WDPR's brief, those allegations were patently insufficient to state a claim.

Plaintiff does nothing to meet this argument, as her response says nothing about, let alone defends her position with respect to, either the contract or the WDPR executive. Instead, she appears to have adopted a new theory, posited without any factual allegations to support it, that

2

(a) WDPR wished to hire H-1B workers; (b) WDPR could not itself sponsor them because it could not attest truthfully that these workers would not "displace similarly situated workers"—which, Plaintiff asserts, the law would require; and (c) accordingly, Cognizant sponsored the H-1B workers, and *it* falsely attested that they would not displace WDPR employees. Opp. 11. Thus, Plaintiff hypothesizes, WDPR—ostensibly unwilling itself to make these supposedly false statements—allegedly "knew that H1B workers were being placed at WDPR" by Cognizant, and was thus "willfully blind" to Cognizant's allegedly illegal actions and is liable for them as a conspirator. *Id.* at 8.

That theory—even putting aside that it is nowhere to be found in the Complaint—is fatally flawed.

*First*, Plaintiff once again gets the underlying immigration-law requirements wrong. Plaintiff articulates no plausible reason why WDPR could not "itself … sponsor H1B workers," nor does she identify any legal basis for the proposition that, if WDPR had sponsored them, it would have been required to attest that such workers would not displace similarly situated WDPR employees. *No such requirement exists*, and Plaintiff's new theory fails on that basis alone.[1] In any event, Cognizant was the H-1B sponsor here, not WDPR, and as explained in Cognizant's opening brief and reply, Cognizant was not required to make any attestations concerning displacement—about its own or WDPR's employees—because Cognizant sponsored only *exempt* H-1B nonimmigrants. *See* Cognizant Br. 4, 12-14; Cognizant Reply 3. Because

---

[1] Only certain types of sponsors of H-1B visas (such as "H-1B-dependent" employers like Cognizant) are required to make attestations concerning displacement, and even then only in relation to non-exempt H-1B workers. *See* Cognizant Br. 4. Plaintiff does not—and could not—allege that WDPR is such an employer.

Plaintiff gets the underlying legal requirements wrong, her theory that WDPR knowingly conspired to violate the law must be rejected.

*Second*, Plaintiff also gets wrong the knowledge requirements for a RICO conspiracy. As WDPR explained in its opening brief, the Complaint fails to plausibly allege that WDPR "knowingly and willfully join[ed]" a conspiracy with Cognizant to violate federal immigration law, as RICO requires. WDPR Br. 5-8. Plaintiff's response says nothing on the point. She asserts, again without factual foundation, that WDPR was "willfully blind" to Cognizant's submission of allegedly fraudulent LCAs. Opp. 8.[2] But, factual deficiency aside, that does not suffice to show that WDPR *knowingly joined* with Cognizant to violate federal immigration law. As the Eleventh Circuit has made clear, a defendant's alleged "deliberate ignorance" cannot "establish that he willfully joined in the conspiracy." *United States v. Willner*, 795 F.3d 1297, 1315 (11th Cir. 2015); *see also United States v. Warshawsky*, 20 F.3d 204, 211 (6th Cir. 1994) ("the existence of an agreement or the entry into a conspiracy may not be proved by deliberate ignorance"); *Smith v. First Century Bank*, No. 03:04-CV-591, 2007 WL 956652, at *8 (E.D. Tenn. Mar. 29, 2007) ("[P]laintiffs cannot rely on 'deliberate ignorance' or 'willful blindness' to demonstrate that other FCB employees participated with Dyer in a RICO conspiracy.").

*Third*, even accepting Plaintiff's incorrect reading of the underlying legal requirements, she fails entirely to plead *facts* supporting an inference that WDPR agreed Cognizant would violate the law. As WDPR showed in its opening briefs, Plaintiff's RICO claim is subject to

---

[2] Plaintiff provides no factual support for the assertion that WDPR was in fact willfully blind to anything. *See SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 804 (11th Cir. 2015) (willful blindness requires showing that "defendant must subjectively believe that there is a high probability that a fact exists and … the defendant must take deliberate actions to avoid learning of that fact" (internal quotation marks omitted)).

rigorous pleading standards. *See* WDPR Br. 3-4. Plaintiff never so much as mentions those standards, much less tries to meet them. Her new conspiracy theory rests on the assertion that WDPR "knew that H1B workers were being placed at WDPR." Opp. 8. But she offers no explanation why that (if true) is "more likely explained" by an unlawful conspiracy than by ordinary, lawful conduct. WDPR Br. 4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). Her allegation does not support an inference that WDPR *knew* that Cognizant had made false statements on its labor condition applications, much less that WDPR affirmatively *agreed* that Cognizant would do so. Nor is Plaintiff's supposed conspiracy rendered any more plausible by her new allegation—found nowhere in the Complaint—that Cognizant "posted notices prior to filing the Labor Condition Applications at WDPR." Opp. 8. Plaintiff fails entirely to explain what information the notices contained or how the notices demonstrate WDPR's purported agreement that Cognizant would make false statements in connection with such applications.

### B. Plaintiff Fails to State a Substantive RICO Claim

Plaintiff's failure to allege that WDPR knowingly conspired with Cognizant requires dismissal of her RICO conspiracy claim—the sole federal claim against WDPR. That claim must also be dismissed because Plaintiff has failed plausibly to allege a *substantive* RICO violation. *See* WDPR Br. 9-12. Plaintiff's arguments to the contrary rest on serious legal errors.

As set forth in Cognizant's motion to dismiss and in its reply, the Complaint fails to allege a RICO predicate because, on a correct understanding of federal immigration law, Cognizant's conduct was entirely legal; Plaintiff's RICO claim is barred by her failure to exhaust administrative remedies; and Plaintiff fails to adequately allege the existence of a RICO enterprise. *See* Cognizant Br. 9-22; Cognizant Reply 2-6.

Moreover, as WDPR showed in its opening brief, the Complaint fails to plausibly allege that WDPR and Cognizant engaged in a "pattern" of "continuing RICO activity," an element the Eleventh Circuit has recognized is "crucial to a valid RICO claim." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1265 (11th Cir. 2004). In particular, Plaintiff's allegations of a one-time layoff of certain WDPR employees cannot satisfy RICO's continuity requirement. *See* WDPR Br. 10-12. Plaintiff says nothing substantive on this point in response, simply stating—without citation to the Complaint or legal argument—that the "pattern of racketeering with the racketeering activities were properly plead." Opp. 4. Having offered nothing on this crucial legal point, Plaintiff's RICO claim should be dismissed.

Finally, Plaintiff is simply wrong that her RICO conspiracy claim can survive if her substantive RICO claim fails. She argues that there is no requirement that each co-conspirator have "'himself committed or agreed to commit the two predicate acts required'" for a substantive RICO violation. Opp. 15 (quoting *Salinas v. United States*, 522 U.S. 52, 61 (1997)). But that is beside the point. The question here is not whether one alleged RICO conspirator can be held liable for a co-conspirator's substantive RICO acts. The point here is that Plaintiff has failed to allege that *any* defendant committed (or even agreed to commit) any RICO predicate act. As the Eleventh Circuit has clearly explained, there cannot be a RICO conspiracy to do things that are not themselves illegal. *See Jackson*, 372 F.3d at 1269 (holding that "[t]o be guilty of conspiracy, parties must have agreed to commit an act that is itself illegal" (internal quotation marks and ellipsis omitted)). Further, where, as here, a complaint fails to allege a substantive RICO violation and the conspiracy claim includes no additional allegations, the conspiracy claim must be dismissed. *See id.* (RICO conspiracy claim failed where "the complaint failed to state a

substantive RICO claim, and the RICO conspiracy adds nothing"); *Rogers v. Nacchio*, 241 F. App'x 602, 609 (11th Cir. 2007) (similar).

## II.     Plaintiff's Florida Civil Conspiracy Claim Should Be Dismissed

As WDPR showed in its opening brief, Plaintiff's civil conspiracy claim fails for the independent reason that under Florida law a conspiracy claim can be premised only on a claim that could be asserted if the alleged acts were committed by one person.  *See* WDPR Br. 12.  Plaintiff fails to address the point entirely, instead simply "reassert[ing]" her prior inapposite arguments.  Opp. 19.  For that reason—and because the Complaint fails to plausibly allege any conspiracy at all (*see supra* 2-5)—the claim should be dismissed.

## III.    Plaintiff Is Not Entitled To Leave To Amend

Plaintiff recites the general proposition that leave to amend should be "freely give[n] when justice so requires."  Opp. 19 (internal quotation marks omitted).  Whatever that principle's application in the ordinary case, it has no bearing here.  Plaintiff has offered nothing—in her Complaint or in her opposition—to suggest that she has any viable theory on which to proceed.  Indeed, she says nothing in her opposition brief about how she might amend her Complaint to survive a motion to dismiss.  That alone warrants denial of her request for leave to amend.  *See Frone v. City of Riverdale*, 521 F. App'x 789, 792 (11th Cir. 2013) (affirming denial of leave to amend where plaintiff failed to explain "how he would amend his complaint").  "[T]he specificity of the RICO statute and the stigma associated with charges of racketeering" only further counsel in favor of dismissal with prejudice.  *Club Car, Inc. v. Club Car (Quebec) Imp., Inc.*, 276 F. Supp. 2d 1276, 1283 (S.D. Ga. 2003), *aff'd*, 362 F.3d 775 (11th Cir. 2004).

This 25th day of July, 2016.

          Respectfully submitted,

          /s/ Alan Schoenfeld

          Mary Ruth Houston (Bar No. 834440)
          SHUTTS & BOWEN LLP
          300 South Orange Ave., Suite 1000
          Orlando, FL 32801
          Telephone: 407-835-6939
          Facsimile: 407-425-8316
          E-mail: mhouston@shutts.com

          David W. Ogden (*pro hac vice*)
          WILMER CUTLER PICKERING
             HALE and DORR LLP
          1875 Pennsylvania Avenue, NW
          Washington, D.C. 20006
          Telephone:  202-663-6440
          Facsimile:   202-663-6363
          E-mail: david.ogden@wilmerhale.com

          Alan Schoenfeld (*pro hac vice*)
          Colin Reardon (*pro hac vice*)
          WILMER CUTLER PICKERING
             HALE and DORR LLP
          7 World Trade Center, 250 Greenwich St.
          New York, NY 10007
          Telephone:  212-230-8800
          Facsimile:   212-230-8888
          E-mail: alan.schoenfeld@wilmerhale.com
          E-mail: colin.reardon@wilmerhale.com

          *Counsel for Walt Disney Parks and Resorts U.S., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 25th day of July, 2016, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> Sara Blackwell
> The Blackwell Firm
> 1800 2nd St. Ste. 882
> Sarasota, FL 34236
> Telephone: 941-961-3046
> E-mail: sara@theblackwellfirm.com
>
> Mark Zelek
> MORGAN, LEWIS & BOCKIUS
> 200 S. Biscayne Blvd., Ste. 5300
> Miami, FL 33131
> Telephone: 305-415-3303
> Facsimile: 305-415-3001
> E-mail: mzelek@morganlewis.com
>
> Richard G. Rosenblatt
> Joseph B.G. Fay
> MORGAN, LEWIS & BOCKIUS
> 1701 Market St.
> Philadelphia, PA 19103
> Telephone: 215-963-5000
> Facsimile: 215-963-5001
> E-mail: rrosenblatt@morganlewis.com
> E-mail: jfay@morganlewis.com

>                    /s/ Alan Schoenfeld
>                        Alan Schoenfeld